# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS M. ROSALES; GLORIA S. ROSALES, | CASE NO. 09-CV-235- IEG (JMA) |
| Plaintiffs, | ORDER: |
| vs. | (1) DIRECTING PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTION TO DISMISS, and |
| THE MORTGAGE STORE FINANCIAL, INC.; INDYMAC FINANCIAL SERVICES; COUNTRYWIDE HOME LOANS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1-100 inclusive; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE BANK, F.S.B.; RECONSTRUST COMPANY; INDYMAC BANK, F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION; FEDERAL DEPOSIT INSURANCE CORPORATION, CONSERVATOR FROM INDYMAC FEDERAL BANK, F.S.B.; ONE WEST BANK, F.S.B.; IMB HOLD CO., LLC; IMB MANAGEMENT HOLDINGS, L.P.; BANK OF AMERICA CORPORATION; ANGELO MOZILO; DAVID SAMBOL; COUNTRYWIDE HOME LOANS, INC., | (2) VACATING HEARING DATE. [Doc. No. 35] |
| Defendants. | |

This matter involves a nonjudicial foreclosure on Plaintiffs' real property following the nonpayment of a secured loan. On March 23, 2009, Plaintiffs filed a 313-page First Amended

1  Complaint, alleging sixty-one causes of action ranging from RICO violations to actions under the Ku
2  Klux Klan Act of 1871. [Doc. No. 14]. Finding the First Amended Complaint to be "repetitious and
3  needlessly long," the Court dismissed it pursuant to Federal Rule of Civil Procedure 8(a) on June 16,
4  2009, granting Plaintiffs leave to amend. [Doc. No. 30]. On June 30, 2009, Plaintiffs filed an 80-page
5  Second Amended Complaint. [Doc. No. 31].

6  Currently before the Court is Motion to Dismiss Plaintiffs' Second Amendment Complaint,
7  filed by defendants Countrywide Home Loans, Inc., Countrywide Financial Corporation, Countrywide
8  Bank, F.S.B., Recontrust Company, Mortgage Electronic Registration Systems, Inc., and Bank of
9  America, N.A. ("Moving Defendants"). [Doc. No. 35]. The motion was filed on July 31, 2009, and
10  the hearing on the motion was scheduled for September 28, 2009. Under the Civil Local Rules, this
11  meant that Plaintiffs' response to the motion was due on or before September 14, 2009. See CIV. L.R.
12  7.1(e)(2). To date, Plaintiffs neither filed a response nor sought additional time in which to file one.

**LEGAL STANDARD**

14  Civil Local Rule 7.1(f)(3)(a) provides that a party opposing a motion "*shall* file a written
15  opposition" or "a written statement that the party does not oppose the motion." Id. 7.1(f)(3)(a)
16  (emphasis added). If the opposing party fails to respond, "that failure may constitute a consent to the
17  granting of a motion." Id. 7.1(f)(3)(c).

**DISCUSSION**

19  In this case, the granting of Moving Defendants' motion would result in dismissal of the
20  action. Because dismissal is a harsh penalty, however, the Court will give Plaintiffs a chance to
21  comply with the Local Rules. Therefore, the Court hereby ORDERS that Plaintiffs file a written
22  opposition to or a written statement that they do not oppose the Motion to Dismiss by **October 13,**
23  **2009**. The Court emphasizes that a failure to comply with this order will result in dismissal of the
24  Second Amended Complaint with prejudice. See FED. R. CIV. P. 41(b); see also Bautista v. Los
25  Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) ("District courts have the inherent power to control
26  their dockets and in the exercise of that power they may impose sanctions including, where
27  appropriate, dismissal of a case." (citation omitted)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)
28  (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal." (citation

1 omitted)).

## CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiffs respond to Moving Defendants' Motion to Dismiss by October 13, 2009. Moreover, in light of this order, the Court VACATES the hearing set for September 28, 2009.

**IT IS SO ORDERED.**

DATED: September 23, 2009

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court