# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS M. ROSALES; GLORIA S. ROSALES,<br><br>                                    Plaintiffs,<br><br>     vs.<br><br>THE MORTGAGE STORE FINANCIAL, INC.; INDYMAC FINANCIAL SERVICES; COUNTRYWIDE HOME LOANS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1-100 inclusive; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE BANK, F.S.B.; RECONSTRUST COMPANY; INDYMAC BANK, F.S.B.; FEDERAL DEPOSIT INSURANCE CORPORATION; FEDERAL DEPOSIT INSURANCE CORPORATION, CONSERVATOR FROM INDYMAC FEDERAL BANK, F.S.B.; ONE WEST BANK, F.S.B.; IMB HOLD CO., LLC; IMB MANAGEMENT HOLDINGS, L.P.; BANK OF AMERICA CORPORATION; ANGELO MOZILO; DAVID SAMBOL; COUNTRYWIDE HOME LOANS, INC.,<br><br>                                    Defendants. | CASE NO. 09-CV-235- IEG  (JMA)<br><br>ORDER GRANTING THE UNOPPOSED MOTION TO DISMISS<br><br>[Doc. No. 35] |

   This matter involves a nonjudicial foreclosure on Plaintiffs' real property following the nonpayment of a secured loan. On March 23, 2009, Plaintiffs filed a 313-page First Amended Complaint, alleging sixty-one causes of action ranging from RICO violations to actions under the Ku

1  Klux Klan Act of 1871. [Doc. No. 14]. Finding the First Amended Complaint to be "repetitious and
2  needlessly long," the Court dismissed it pursuant to Fed. R. Civ. P. 8(a) on June 16, 2009, granting
3  Plaintiffs leave to amend. [Doc. No. 30]. On June 30, 2009, Plaintiffs filed an 80-page Second
4  Amended Complaint. [Doc. No. 31].

5  The Second Amended Complaint alleges sixteen causes of action against as many defendants.
6  On August 31, 2009, the case was dismissed as to Defendants Federal Deposit Insurance Corporation
7  and Federal Deposit Insurance Corporation, Conservator for Indymac Federal Bank, F.S.B. pursuant
8  to Fed. R. Civ. P. 4(m) for lack of prosecution. [Doc. Nos. 39, 40]. On October 5, 2009, the case was
9  also dismissed as to Defendants Mortgage Store Financial, Inc., One West Bank, IMB Hold Co, LLC,
10 IMB Management Holdings, LP, Angelo Mozilo, and David Sambol. [Doc. Nos. 42, 43].

11 Currently before the Court is Motion to Dismiss filed by Defendants Countrywide Home
12 Loans, Inc., Countrywide Financial Corporation, Countrywide Bank, F.S.B., Recontrust Company,
13 Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A. ("Moving Defendants").
14 [Doc. No. 35]. The motion was filed on July 31, 2009, and the hearing on the motion was scheduled
15 for September 28, 2009. On September 23, 2009, not having received any written opposition or
16 statement of non-opposition from Plaintiffs, the Court vacated the hearing and ordered Plaintiffs to
17 respond to Moving Defendants' Motion to Dismiss by October 13, 2009, or risk having their entire
18 case dismissed with prejudice. [Doc. No. 41]. To date, no response has been filed.

19 **DISCUSSION**

20 Civil Local Rule 7.1(e)(2) provides that a party opposing a motion shall file a written
21 opposition or a statement of non-opposition "not later than 14 *calendar* days prior to the noticed
22 hearing." CIV. L. R. 7.1(e)(2) (emphasis in original); see also id. 7.1(f)(3)(a). If the opposing party fails
23 to respond, "that failure may constitute a consent to the granting of a motion." Id. 7.1(f)(3)(c).[1]

24 In the present case, Plaintiffs did not file an opposition to Moving Defendants' Motion to
25 Dismiss as required by Civil Local Rule 7.1(e)(2), nor did they take any action with regard to this

---

[1] Civil Local Rule 7.1(f)(3)(c) provides, in its entirety:

Waiver: If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.

1  Court's express order directing them to respond. "Failure to follow a district court's local rules is a
2  proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (citation
3  omitted). Moreover, dismissal is also an appropriate sanction for a party's failure to comply with a
4  court order. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) ("District courts
5  have the inherent power to control their dockets and in the exercise of that power they may impose
6  sanctions including, where appropriate, dismissal of a case." (citation omitted)).
7      Here, the Court expressly warned Plaintiffs that "a failure to comply with [its] order will result
8  in dismissal of the Second Amended Complaint with prejudice" pursuant to Fed. R. Civ. P. 41(b).
9  [Doc. No. 41]. Seeing as no response has been filed, the Court hereby **DISMISSES** with prejudice
10  the Second Amended Complaint as to the Moving Defendants as well as any other remaining
11  Defendants.[2]

12  **CONCLUSION**

13      For the foregoing reasons, the Court GRANTS the unopposed Motion to Dismiss and orders
14  that the entire case be dismissed with prejudice. The Clerk is ordered to close this civil action.
15      **IT IS SO ORDERED.**
16
17  DATED: October 16, 2009
18                                              **IRMA E. GONZALEZ, Chief Judge**
                                            **United States District Court**

---

[2] Because Plaintiffs in the present case have been given a prior warning that their case will be dismissed if no response was forthcoming, the Court need not articulate any additional reasons. See Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). However, to the extent that Ghazali, 46 F.3d at 53, might require an analysis of the factors set forth there, the Court notes that this district's heavy criminal caseload heightens the need for the court to actively manage its civil docket. In the present case, the Court finds that the public's interest supports dismissal of the case. Plaintiffs' counsel is notorious for filing gargantuan complaints and then failing to respond to any motions to dismiss that are filed. See, e.g., Uribe, et al. v. Countrywide Financial, et al., No. 08cv1982 L (NLS), 2009 WL 1953413, at *3 n.2 (S.D. Cal. July 7, 2009) (citing similar cases where Plaintiffs' counsel failed to respond to motions to dismiss). The Court also notes that, despite having already been amended twice, the Second Amended Complaint still fails to meet federal pleading standards under Fed. R. Civ. P. 8.